## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| In Re: | : | **CHAPTER 13** |
| **WENDOLYN  PETERS,** | : | **CASE NO. 12-55277-MHM** |
| | : | |
| | : | |
| Debtor. | : | |
| | : | |
| **JPMORGAN CHASE BANK,** | : | |
| **NATIONAL ASSOCIATION,** | : | |
| Movant, | : | **CONTESTED MATTER** |
| vs. | : | |
| **WENDOLYN  PETERS, Debtor,** | : | |
| **HAROLD PETERS, JR. AND** | : | |
| **TAMINIKA PETERS Co-Debtors,** | : | |
| **ADAM M. GOODMAN, Trustee,** | : | |
| Respondents. | : | |

## NOTICE OF ASSIGNMENT OF HEARING

NOTICE IS HEREBY GIVEN THAT a Motion for Relief from the Automatic Stay and Co-debtor stay has been filed in the above-styled case.  In the event a hearing cannot be held within thirty (30) days from the filing of the motion for relief from the automatic stay as required by 11 U.S.C. §362, Movant waives this requirement and agrees to the next earliest possible date, as evidenced by signature below.  *The undersigned consents to the automatic stay (and any related co-debtor stay) remaining in effect with respect to Movant until the court orders otherwise*.

HEARING will be held **1:30 PM** on **March 7, 2013, in Court Room 1204 at the**

**United States Bankruptcy Court, 75 Spring Street, S.W., Atlanta, Georgia 30303.**

Your rights may be affected by the Court's ruling on these pleadings.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (if you do not have an attorney, you may wish to consult one).  If you do not want the court to grant the relief sought in these pleadings, or if you want the Court to consider your views, then you and/or your attorney must attend the hearing.  You may also file a written response to the pleading with the Clerk at the address stated below, you are not required to do so.  If you file a written response, you must attach a

certificate stating when, how and to whom (including addresses) you served the response. Mail/deliver your response so it is received by the Clerk at least two (2) business days before the hearing.  The address of the Clerk's office:  **Clerk, United States Bankruptcy Court, 75 Spring Street South West, Atlanta, GA 30303**.  You must also mail a copy to the undersigned at the address below.  In the event a hearing cannot be held within thirty (30) days from the filing of the motion for relief from the automatic stay as required by 11 U.S.C. §362, Movant waives this requirement and agrees to the next earliest possible date, as evidenced by signature below.  *The undersigned consents to the automatic stay (and any related co-debtor stay) remaining in effect with respect to Movant until the court orders otherwise.*

<u>**/S/ Brandi R. Lesesne**</u>
**Brandi R. Lesesne**, Ga. Bar Number: 141970
**Attorney for Movant**
Johnson & Freedman, LLC
1587 Northeast Expressway, Atlanta, GA  30329
(678) 298-8847
brlesesne@jflegal.com

BK-862-001205GA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In Re: | **:** | **CHAPTER 13** |
| | **:** | |
| **WENDOLYN  PETERS,** | **:** | **CASE NO. 12-55277-MHM** |
| | **:** | |
| | **:** | |
| Debtor. | **:** | |
| | **:** | |
| **JPMORGAN CHASE BANK,** | **:** | |
| **NATIONAL ASSOCIATION,** | **:** | |
| Movant, | **:** | **CONTESTED MATTER** |
| vs. | **:** | |
| **WENDOLYN  PETERS, Debtor,** | **:** | |
| **HAROLD PETERS, JR. AND** | **:** | |
| **TAMINIKA PETERS Co-Debtors,** | **:** | |
| **ADAM M. GOODMAN, Trustee,** | **:** | |
| Respondents. | **:** | |

**MOTION FOR RELIEF FROM STAY AND CO-DEBTOR STAY**

**JPMorgan Chase Bank, National Association,** its successors and assigns

("Movant"), hereby moves this Court, pursuant to 11 U.S.C § 362  and § 1301, for relief

from the automatic stay and co-debtor stay with respect to certain real property of the

Debtor having an address of 1994 Shamrock Drive, Decatur, GA 30032 (the "Property"),

for all purposes allowed by law, the Note (defined below), the Security Deed (defined

below), and applicable law, including but not limited to the right to foreclose.  In further

support of this Motion, Movant respectfully states:

1.  A petition under Chapter 13 of the United States Bankruptcy Code was filed with

respect to the Debtor on March 1, 2012.

BK-862-001205GA

2.   A Chapter 13 Plan was confirmed on June 28, 2012.

3.   The Debtor has executed and delivered or is otherwise obligated with respect to that certain promissory note in the original principal amount of $97,500.00 (the "Note"). A copy of the Note is attached hereto as an Exhibit.  Movant is an entity entitled to enforce the Note.

4.   Pursuant to that certain Security Deed (the "Security Deed"), all obligations (collectively, the "Obligations") of the Debtor under and with respect to the Note and the Security Deed are secured by the Property and any other collateral described in the Security Deed.  A copy of the Security Deed is attached hereto as an Exhibit.

5.   JPMorgan Chase Bank, N.A., services the loan on the property referenced in this Motion for Relief. In the event the automatic stay in this case is lifted/set aside, this case dismisses, and/or the debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of JPMorgan Chase Bank, N.A. ("Noteholder"). Noteholder, directly or through an agent, has possession of the promissory note. The promissory note is either made payable to Noteholder or has been duly endorsed.

6.   As of January 22, 2013, the unpaid principal is $91,330.07.  This does not include the attorneys' fees and expenses incurred in connection with preparing and pursuing this Motion, which fees and expenses are set forth in more detail below.

7.   In addition to the other amounts due to Movant reflected in this Motion, as of the

BK-862-001205GA

date hereof, in connection with seeking the relief requested in this Motion, Movant has

also incurred $826.00 in legal fees and costs.  Movant reserves all rights to seek an award

or allowance of such fees and expenses in accordance with applicable loan documents

and related agreements, the Bankruptcy Code and otherwise applicable law.

8.  The following Chart sets forth the number and amount of post-petition payments

due pursuant to the terms of the Note that have been missed by the Debtor as of January

22, 2013:

| Number of Payments | From - To | Monthly Payment Amount | Total Amounts Delinquent |
|---|---|---|---|
| 4 | **Payments (10/1/2012 - 1/1/2013)  @** | **$796.76** | **$3,187.04** |
| | **Less Suspense** | | **-$957.38** |
| | | **TOTAL** | **$2,229.66** |

9.  The estimated market value of the Property is $39,500.00.  The basis for such

valuation is Debtor(s) Bankruptcy Schedules A & D.

10.  Upon information and belief, the aggregate amount of encumbrances on the

Property listed in the Schedules or otherwise known, including but not limited to the

encumbrances granted to Movant, is no less than $91,330.07.

11.  Movant requests that upon entry of an Order granting relief from the automatic

stay of Section 362 that the Chapter 13 Trustee shall cease disbursements on Movant's

Proof of Claim. Further, Movant requests that, upon entry of an Order granting relief

from the automatic stay of Section 362 and said Order also instructing the Chapter 13

BK-862-001205GA

Trustee to cease disbursements on Movant's Proof of Claim, Fed. R. Bank. P. 3002.1

shall no longer apply as to Movant, as said Rule only applies in Chapter 13 cases in

which claims secured by the Debtor's principal residence are provided for under Section

1322(b)(5) of the Code in the Debtor's plan.

12. Cause exists for relief from the automatic stay for the following reasons:

a) Movant's interest in the Property is not adequately protected.  The fair
market value of the Property is declining and payments are not being made
to Movant sufficient to protect Movant's interest against that decline.

b)  Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the
Property ; and pursuant to § 362(d)(2)(B), the Property is not necessary for
an effective reorganization.

c)  Postconfirmation payments required by the confirmed plan have not been
made to Movant.

WHEREFORE, Movant prays that this Court issue an Order terminating or

modifying the stay and granting the following:

1.      Relief from the stay and co-debtor stay for all purposes allowed by law, the

Note, the Security Deed, and applicable law, including but not limited to allowing

Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law

to enforce its remedies to foreclose upon and obtain possession of the Property and any

and all other collateral pledged under the Security Deed.

BK-862-001205GA

2.      That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

3.      That in the event of an Order granting relief from the automatic stay of Section 362 and said Order also instructing the Chapter 13 Trustee to cease disbursements on Movant's Proof of Claim, Fed. R. Bank. P. 3002.1 shall no longer apply as to Movant, as said Rule only applies in Chapter 13 cases in which claims secured by the Debtor's principal residence are provided for under Section 1322(b)(5) of the Code in the Debtor's plan.

4.      For such other relief as the Court deems proper.

Respectfully submitted.

**JOHNSON & FREEDMAN, LLC**

**/S/**  Brandi R. Lesesne
**Brandi R. Lesesne**, GA Bar No. 141970
Attorney for Movant
1587 Northeast Expressway
Atlanta, GA  30329
(678) 298-8847
brlesesne@jflegal.com

BK-862-001205GA

## CERTIFICATE OF SERVICE

I, Brandi R. Lesesne, Attorney at Law, certify that I am, and at all times hereinafter mentioned was, more than 18 years of age;  that on February 11, 2013, I served on the persons listed below a copy of the within MOTION FOR RELIEF FROM STAY AND CO-DEBTOR STAY AND NOTICE OF ASSIGNMENT OF HEARING by electronic service or by regular mail, with appropriate postage affixed, at:

Wendolyn  Peters
1870 Fairpointe Trace
Stone Mountain, GA 30088

Harold Peters, Jr.
1994 Shamrock Drive
Decatur, GA 30032

Taminika Peters
1994 Shamrock Drive
Decatur, GA 30032

Adam M. Goodman
Adam M. Goodman, 13 Trustee
Suite 200
260 Peachtree Street
Atlanta, GA 30303

Johnson & Freedman, LLC

**/S/**  Brandi R. Lesesne
**Brandi R. Lesesne,** GA Bar No. 141970
1587 Northeast Expressway
Atlanta, GA  30329
brlesesne@jflegal.com

BK-862-001205GA